UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SIMON MATTHEW (fka SIMON SAHMAOUI), on behalf of himself and others similarly situated,**

     **Plaintiff,**    **CASE NO.:**

 v.

**LOBSTERS IN MOCEAN, INC. d/b/a THE LAZY LOBSTER OF LONGBOAT a Florida Profit Corporation, and ROBERT J. FRACALOSSY, individually,**

     **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SIMON MATTHEW (fka SIMON SAHMAOUI) ("Plaintiff"), on behalf of himself and other similarly situated employees, brings this action for unpaid minimum wage, unpaid overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA") against LOBSTERS IN MOCEAN, INC. d/b/a THE LAZY LOBSTER OF LONGBOAT (the "Company"), a Florida Profit Corporation, and ROBERT J. FRACALOSSY, individually ("Fracalossy") and (collectively "Defendants") and alleges:

## JURISDICTION AND VENUE

1. This is an action for damages and for declaratory relief, under the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid minimum wages, unpaid overtime compensation, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs and relief as available under Florida common law.

2. The jurisdiction of the Court over this controversy is pursuant to 28 U.S.C. §1331

and the FLSA and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court because the violations of the FLSA occurred in this Judicial District.

**PARTIES**

4. Plaintiff was employed by Defendants as a food runner from October 2011 through December 4, 2016, and performed related activities for Defendants at their 5350 Gulf Of Mexico Drive, Longboat Key, Florida 34228 in Sarasota County, Florida.

5. Defendant, LOBSTERS IN MOCEAN, INC. d/b/a THE LAZY LOBSTER OF LONGBOAT, is a Florida corporation licensed to do business in Florida, that operates and conducts business in, among others, Sarasota County, Florida, and is therefore within the jurisdiction of this Court.

6. At all times relevant to this action, FRACALOSSY was a resident of the State of Florida, who managed the Company and who regularly exercised the authority to: (a) hire and fire employees of the Company; (b) determine the work schedules for the employees of the Company; and (c) control the finances and operations of the Company and (d) dictate and implement the company's unlawful pay practices. By virtue of having regularly exercised that authority on behalf of the Company, Fracalossy is an employer as defined by 29 U.S.C. §201, et seq.

**STATEMENT OF FACTS**

7. This action is brought under the FLSA to recover from Defendants unpaid minimum wage, unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

8. This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

9. At all material times relevant to this action, the Company was an enterprise covered by the FLSA, as defined by 29 U.S.C. §§203(r) and 203(s).

10. Defendants operate a restaurant in Sarasota County. At all material times relevant to this action, Defendants had gross revenues of at least $500,000.00 annually and employed employees engaged in commerce or in the production of goods for commerce. Defendants' employees handle and otherwise work on goods that have been moved in or produced for commerce. For example, employees employed by Defendants handle or work on goods that have been moved or produced for commerce such as food, paper products, dishes, kitchen utensils and other items.

11. As a food runner who never left the state of Florida, Plaintiff was not exempt from the minimum wage and overtime requirement of the FLSA.

12. In fact, Defendant went through great efforts to circumvent the FLSA, manipulating time records and requiring employees to work off the clock with no compensation.

13. By Plaintiff's estimates, he regularly worked in excess of twenty-five (25) hours or more of overtime in a work week. In many weeks, Plaintiff was not paid minimum wage for all the hours worked in violation of 29 U.S.C. §206.

14. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§201-209, because Defendants did not pay Plaintiff overtime wages for those hours worked in excess of forty (40) within a work week.

15. During his employment with Defendant, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) within a work week during one or more weeks of employment.

16. Plaintiff was paid pursuant to a "tip credit" method where he was paid minimum wage minus the tip credit.

17. At all material times during his employment, Defendants utilized the tip credit and paid Plaintiff under the applicable tipped minimum wage.

18. An employer may not claim a tip credit as to an employee's wages unless the employer has provided the employee with notice of the FLSA provisions of the tip credit.

19. Defendants failed to provide employees with notice of the provisions of the FLSA pertaining to the tip credit, and was therefore not permitted to take the tip credit.

20. Upon information and belief, many of the records, to the extent that any exist concerning the number of hours worked and amounts paid to Plaintiff, are in the possession, custody and control of the Defendants.

21. Furthermore, an employer may not take the tip credit for "untipped" work, such as prep work and cleaning.

22. Here, Defendants paid plaintiff the "tipped" minimum wage for performing non-tipped work.

23. Upon information and belief, Defendants did not rely on any Department of Labor Wage and Hour Opinions or the advice of an attorney in creating its pay policies.

24. Defendants knew or should have known with reasonable diligence that its conduct violated the Fair Labor Standards Act.

25. All conditions precedent to this action have been met or have been waived.

26. Plaintiff has retained the undersigned law firm and is obligated to pay the firm a reasonable fee.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE

27. Plaintiff readopts and reincorporates all allegations contained in Paragraphs 1- 26 above as if stated fully herein.

28. At all relevant times, Defendants have been, and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

29. At all relevant times, Defendants employed Plaintiff.

30. Defendants failed to inform Plaintiff of the tip credit provisions of the FLSA.

31. Defendants paid Plaintiff the tipped minimum wage for performing non-tipped work for which Defendants were not entitled to take the tip credit.

32. Defendants' failure to pay Plaintiff the full minimum wage is a violation of 29 U.S.C. §206.

33. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

34. In addition, Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

35. Also, Defendants failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

36. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff the full and complete minimum wage for each hour worked, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

37. As a result of Defendants' reckless disregard of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for unpaid minimum wage compensation, an additional and equal amount of liquidated damages or if liquidated damages are not awarded then pre and post-judgment interest at the highest allowable rate, reasonable attorneys'

fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## FAILURE TO PAY MINIMUM WAGE – COLLECTIVE ACTION

38. Plaintiff readopts and reincorporates all allegations contained in Paragraphs 1-26 above as if stated fully herein.

39. At all times material, Defendants employed other tipped employees who were similarly situated to Plaintiff.

40. Throughout their respective employment, individuals similarly situated to Plaintiff were subject to Defendants' unlawful pay practices.

41. Specifically, Defendants failed to pay such similarly situated individuals the minimum wage required pursuant to the FLSA.

42. Defendants took an unlawful "tip credit" from Plaintiff and those similarly situated to Plaintiff by taking unlawful deductions from tips.

43. Defendants' failure to pay such similarly situated individuals the required minimum wage was in reckless disregard of the FLSA.

44. As a direct and legal consequence of Defendants' unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

45. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff the full and complete minimum wage for each hour worked, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendants for unpaid minimum wage and additional and equal amount of liquidated damages or if liquidated damages are

not awarded, then pre and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## RECOVERY OF OVERTIME COMPENSATION

46. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-26 above.

47. Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

48. During his employment with Defendants, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for the same.

49. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages and is incurring reasonable attorneys' fees and costs.

50. Defendants were aware Plaintiff performed non-exempt job duties but still refused to pay Plaintiff overtime for hours worked over forty (40).

51. Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

52. Defendants failed to post required FLSA informational listings as required by the FLSA.

53. Defendants' conduct was willful and in reckless disregard of the overtime requirements of the FLSA.

54. Defendants willfully violated the FLSA.

55. Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

## COUNT IV
## RECOVERY OF OVERTIME – COLLECTIVE ACTION

56. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-26 above.

57. At all times material, Defendants employed numerous other non-exempt employees who worked a substantial number of hours in excess of forty (40) per week.

58. Throughout their employment, individuals similarly situated to Plaintiff were subject to the same unlawful pay practices.

59. Defendants failed to pay those individuals, who are similarly situated to Plaintiff, one and one half times their regular hourly rate, for all hours worked in excess of forty (40) in each week, in violation of the FLSA.

60. Defendants' failure to pay such similarly situated individuals the required overtime rate was willful and in reckless disregard of the FLSA.

61. As a direct and legal consequence of Defendants unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE**, Plaintiff demands judgment against Defendants for unpaid overtime compensation, an additional and equal amount of liquidated damages or if liquidated damages are not awarded then pre and post-judgment interest at the highest allowable rate, reasonable attorneys'

fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 12th day of June, 2017.

        Respectfully submitted,

        **MORGAN & MORGAN, P.A.**

        **/s/ *Marc R. Edelman***
        Marc R. Edelman, Esq.
        Fla. Bar No. 0096342
        Morgan & Morgan, P.A.
        201 North Franklin Street, Suite 700
        Tampa, FL 33602
        Telephone: 813-223-5505
        Fax: 813-257-0572
        Email: MEdelman@forthepeople.com
        *Attorney for Plaintiff*